UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ORIENTHAL D. LIGGINS,                )  No. ED CV 09-01838-JST (VBK)
                                     )
                Plaintiff,           )  MEMORANDUM AND ORDER DISMISSING
                                     )  THIRD AMENDED COMPLAINT WITH
        v.                           )  LEAVE TO AMEND
                                     )
ROD HOOPS, et al.,                   )
                                     )
                Defendants.          )
_____)

**PROCEEDINGS**

Pro se prisoner Orienthal D. Liggins (hereinafter referred to as "Plaintiff") filed a civil rights complaint in the United States District Court for the Central District of California on October 14, 2009 pursuant to an Order re Leave to File Action Without Prepayment of Full Filing Fee.

Plaintiff brought this civil rights Complaint against Defendants Rod Hoops ("Hoops"), Sheriff of San Bernardino County; Gary Penrod ("Penrod"), former San Bernardino County Sheriff; Captain J. McMahon ("McMahon") of the West Valley Detention Center and John/Jane Does in their official and individual capacities. (Complaint at 3.)

Plaintiff raised the following claims in his original Complaint:

(1) inadequate law library under <u>Bounds v. Smith</u>;[1] (2) denial of right of access to the courts under <u>Bounds v. Smith</u>; (3) loss of property; (4) prejudice to a fair trial under 42 U.S.C. §1983, the Fifth, Sixth and Fourteenth Amendments; (5) violations of California law; (6) denial of equal protection; and (7) denial of pre-trial prisoner's right to freedom of expression, communication and association. (<u>See</u> Complaint at 5, Attachment p. 3.)

On December 17, 2009, the Court issued an Order re Dismissal with Leave to Amend. The Court advised Plaintiff that the First Amended Complaint must be complete in and of itself, that Plaintiff may not add new parties without leave of Court, and that failure to comply with the Court's requirements may result in a recommendation of dismissal.

Plaintiff requested several extensions of time in which to file a First Amended Complaint which were granted by the Court. On March 11, 2010, Plaintiff filed a "First Amended Complaint."

On April 8, 2010, Plaintiff filed a "Request to File Second Amended Complaint." On April 22, 2010, the Court issued a Minute Order granting Plaintiff leave to file a Second Amended Complaint.

On April 26, 2010, Plaintiff filed a "Motion for an Extension of Time to File a Second Amended Complaint." On April 29, 2010, the Court issued a Minute Order granting Plaintiff's request for an extension of time to file a Second Amended Complaint.

On June 3, 2010, Plaintiff filed a "Motion for Continuance and Attachments." On June 4, 2010, Plaintiff filed a "Motion for (30) Thirty Day Continuance and Motion for Leave to Amend." Plaintiff

---

[1]    <u>Bounds v. Smith</u>, 430 U.S. 817 (1977).

requested leave to file a Third Amended Complaint. Plaintiff also attached a document entitled "Second Amended Complaint" and an attachment consisting of nine exhibits, containing over 424 pages.

On June 22, 2010, the Court issued a Minute Order noting that Plaintiff had filed a Motion for Extension of Time, Motion for Leave to Amend, Second Amended Complaint, and a Request to File a Third Amended Complaint. The Court granted Plaintiff an extension of time to file a Third Amended Complaint and further advised Plaintiff that the document must be complete in and of itself.

On July 21, 2010, Plaintiff requested a 60-day extension of time in which to file a Third Amended Complaint. The Court granted Plaintiff's request. Thereafter, Plaintiff requested several extensions of time, which were granted.

On February 22, 2011, Plaintiff filed a "Third Amended Complaint" pursuant to 42 U.S.C. §1983, 1985(3) and 28 U.S.C. §§1367, 1443. Plaintiff names as Defendants Hoops; Penrod; McMahon; Sgt. Robert Dorrough (promulgates law library policy) at the West Valley Detention Center ["WVDC"]); Lori Vanderkallen (law librarian at WVDC); Dr. Shin Jin Liong (Chief Medical Officer at WVDC); Dr. Rajesh Patel (Chief Psychiatric Officer at WVDC); Matthew Cate (Director of California Department of Corrections ["CDC"]); Victor C. Marshall (Attorney); Grover L. Porter (Attorney); Dr. Michael E. Kania (Psychiatrist); Elizabeth M. Liggins; John A. Clarke (Clerk for the County of Los Angeles); San Bernardino District Attorney's Office; Michael Bildt (Chief of Police for San Bernardino City); John Munoz (Detective for the San Bernardino Police Department); John Echevarria (Police Officer for the City of San Bernardino); Henry Birkes (Sergeant for the San Bernardino Police Department); William Fletcher (Police Detective for

San Bernardino Police Department); Jesus Arroyo; Robin Ayers; City of San Bernardino; City of Fontana; Philip Hinkle (Police Officer for the City of Fontana); State of California; California Board of Corrections; Governor Arnold Schwarzenegger; Los Angeles County; San Bernardino County; San Bernardino Superior Court; John Doe (Transportation Sergeant at WVDC); and John Doe 2 (Disciplinary Sergeant). (See Third Amended Complaint at 2-5.)[2]

Plaintiff alleges the following causes of action in his Third Amended Complaint: violation of 42 U.S.C. §§1983, 1985(2)(3), 1994, alleging denial of access to courts (Count 1); deliberate indifference to serious medical needs and inadequate medical care (Count 2); cruel and unusual punishment (Count 3); denial of effective assistance of counsel (Count 4); conspiracy to interfere with state and federal constitutional rights. Under state law, medical malpractice (Count 5); failure to furnish adequate medical care (Count 6); intentional infliction of emotional distress (Count 7); general negligence, attorney malpractice (Count 8); and abuse of process (Count 9). (Third Amended Complaint at 6.) Plaintiff seeks compensatory and punitive damages along with injunctive relief against Defendants.

## STANDARD OF REVIEW

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the District Court is

---

[2] Plaintiff was specifically advised in the Court's December 17, 2009 Order re Dismissal with Leave to Amend that he may not add new parties without leave of court. Plaintiff has named an additional 27 Defendants in direct contravention of the Court's Order.

4

required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Neitzke v. Williams, 319, 327 n.6, 109 S.Ct. 1827 (1989) (unanimous decision)(patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. Resnick v. Hays, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 858 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 172 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555. The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted). "[A] well-pled complaint may proceed even if it appears that a recovery is very remote and unlikely." Twombly, 55 U.S. at 556, 127 S.Ct. 1955 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th

Cir. 1987).

### A. Federal Rule Of Civil Procedure 8(a).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). When a complaint fails to comply with Rule 8, it may be dismissed pursuant to Fed.R.Civ.P. 41(b). McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996)(complaint properly dismissed under Rule 41 for failure to comply with Rule 8 in Court Order).

### DISCUSSION

For all of the following reasons, the Third Amended Complaint should be dismissed with leave to amend.

### A. Section 1983 Pleading Requirements.

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. See, Parratt v. Taylor, 451 U.S. 527, 535 (1981); overruled on other

7

grounds by <u>Daniels v. William</u>, 474 U.S. 330-31 (1996); <u>Johnson v. Knowles</u>, 113 F.3d 1114, 1117 (9th Cir.), <u>cert. denied</u>, 522 U.S. 996, 118 S.Ct. 559 (1997); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 624 (9th Cir. 1988); <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), <u>cert. denied</u>, 478 U.S. 1020 (1986). Liability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations. <u>See Rizzo v. Goode</u>, 423 U.S. 362, 372-73, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

> A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." [citation] Indeed, the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."
> <u>Johnson v. Duffy</u>, 588 F.2d at 743-44.

Plaintiff also must establish causation, by demonstrating that each Defendant personally was involved in the constitutional violation, or that there was a sufficient causal connection between the Defendant's wrongful conduct and the constitutional violation. <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446-47 (9th Cir. 1991)(<u>en banc</u>), <u>cert. denied</u>, 502 U.S. 1074 (1992); <u>Hansen v. Black</u>,

885 F.2d 642, 646 (9ᵗʰ Cir. 1989). "The inquiry into causation must be individualized to focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u> 844 F.2d 628, 633 (9ᵗʰ Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9ᵗʰ Cir. 1981).

Here, Plaintiff has failed to set forth sufficient facts against each individual Defendant to state a civil rights cause of action under 42 U.S.C. §1983. "Section 1983...only creates a cause of action for violations of the federal 'Constitution and laws'." <u>Sweaney v Ada County, Idaho</u>, 119 F. 3d 1385, 1391 (9ᵗʰ Cir. 1997). "To the extent that the violation of a state law amounts to the deprivation of a state created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id</u>.(citations omitted.)

**B.** **<u>A Prisoner Has No Constitutional Right of Access to Courts to Litigate Unrelated Civil Claims</u>**.[3]

Plaintiff in his first cause of action alleges "denial of access to the courts" (Third Amended Complaint at 7). Plaintiff alleges that

---

[3]    Plaintiff in his third cause of action alleges Defendants "breached their mandatory duty." (Third Amended Complaint at 12, ¶¶ 53-56.) These allegations fail to state a claim. As noted, Plaintiff was provided access to a law library. Plaintiff's claims that he was not provided a private investigator to use a laptop at an attorney visit and denial of an education plan for pretrial detainees fails to state a claim. Idleness and the lack of vocational, educational and rehabilitative programs do not violate the Eighth Amendment. <u>See</u> <u>Touissant v. McCarthy</u>, 801 F.2d 1080, 1106-08 (9ᵗʰ Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1254-55 (9ᵗʰ Cir. 1982). Therefore, Plaintiff's complaints regarding the lack of educational and vocational classes while confined at West Valley Detention Center fails to state a claim.

Defendants promulgated a policy to interfere with Plaintiff's right to access the courts, thereby frustrating Plaintiff's federal habeas corpus actions, civil rights complaints and family child custody and divorce proceedings.  Id.

Plaintiff alleges that Defendants violated various state laws and regulations, including Penal Code ("PC") §§ 2600, 2601, 4015 and 6030. To state a claim under 42 U.S.C. §1983, the plaintiff must allege a violation of a right secured by the Constitution or federal law. Parratt v. Taylor, 451 U.S. 527, 535 (1982), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Mere allegations of state law violations do not suffice to plead a section 1983 claim. See Cornejo v. County of San Diego, 504 F.3d 853, 855 n.2 (9th Cir. 2007)("a claim for violation of state law is not cognizable under §1983").

To the extent Plaintiff alleges that he was unable to pursue child custody lawsuits and other civil lawsuits, Plaintiff has failed to state a constitutional claim.  Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817 (1977).  This right requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. Bounds, 430 U.S. at 828.  The right, however, "guarantees no particular methodology but rather the conferral of capability - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts ... that is the touchstone of the right of access to the courts." Lewis, 518 U.S. at 356-357. Prison officials may select the best method to insure that prisoners

will have the capability to file suit. See Id. at 356.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury. See Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348. The right of access to the courts is limited to non-frivolous legal claims such as direct criminal appeals, habeas corpus proceedings, and §1983 actions. See Lewis, 518 U.S. at 353 n.3 and 354-355. The right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with the Court. See Lewis, 518 U.S. at 354-355.

Here, Plaintiff's claims concerning a child custody lawsuit and divorce proceedings fail to state constitutional claims. Moreover, the Court takes judicial notice of its own files and records and notes that Plaintiff has filed 24 lawsuits in the United States District Court for the Central District of California. (See Mir v. Little Company of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988).)

Plaintiff also alleges that Defendants San Bernardino County Superior Court, San Bernardino District Attorney's office and San Bernardino County denied Plaintiff DNA testing during his criminal trial and post-conviction proceedings in violation of Section 1983. (Third Amended Complaint at p. 7, ¶ 44.) Plaintiff alleges that Defendants refused to surrender hair and blood samples for DNA testing and the Superior Court's denial of DNA testing of a third party prosecution eyewitness, which denied Plaintiff a fair trial by infringing on his right to present a defense. Id.

11

It appears that Plaintiff is attempting to claim that Defendants denied him access to evidence for DNA testing. Plaintiff's claims are foreclosed by the Supreme Court's decision in <u>District Attorney's Office for the Third Judicial District v. Osborne</u> ___U.S. ___, 129 S.Ct. 2308, 2319-23,174 L.Ed.2d 38 (2009), in which the Court held there was no federal constitutional right to obtain post-conviction access to the state's evidence for DNA testing. In particular, a prisoner has no substantive due process right to obtaining DNA evidence after his conviction. <u>Id</u>. at 2322-23. Rather, a person claiming a due process violation with regard to post-conviction DNA testing must show that he has a protected liberty interest created by the laws of his state "to prove his innocence even after a fair trial has proved otherwise." <u>Id</u>. at 2319. If he makes such a showing, he must then show that the state's procedure for obtaining DNA evidence is constitutionally inadequate because it "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." <u>Id</u>. at 2320. Because a convicted prisoner does not have the same liberty interest as a criminal defendant who had not yet been convicted, the state correspondingly has more flexibility in deciding what procedural protections to afford in the context of post-conviction relief. <u>Id</u>. at 2320; <u>see also</u> <u>Skinner v. Switzer</u>, ___ U.S. ___, 131 S.Ct. 1289, 1299, 179 L.Ed.2d 233 (2011).

Plaintiff has failed to allege that Penal Code Section 1405, which provides the method under which a person in prison may seek and obtain DNA evidence, offends some fundamental principle of justice or is fundamentally unfair so as to violate due process. <u>See</u>, <u>Clifton v.</u>

Cline, 2009 WL 256548 (E.D. Cal. 2009) (finding California's procedures for obtaining access to evidence for DNA testing pursuant to Section 1405 satisfy due process requirement of fundamental fairness); Soderstrom v. Orange County District Attorney, 2009 WL 3805647(C.D. Cal. 2009) (holding that California's procedures, as in Osborne, are entirely adequate to satisfy due process). As a result, the alleged facts do not state a claim that Defendants violated his constitutional right to due process by denying his post-conviction request for evidence for DNA testing.

**C. Plaintiff's Claim for "Economic Discrimination" and First Amendment Retaliation Fail.**

Plaintiff in his second cause action alleged "economic discrimination." (Third Amended Complaint at 10.) Plaintiff alleges that Defendants Hoops, Penrod, McMahon, Sgt. Dorrough, Lori Vanderkallen and San Bernardino County Superior Court acted with conscious disregard towards Plaintiff. Plaintiff alleges that Defendants had a duty not to discriminate against any inmate due to an inmate's economic status. (Third Amended Complaint at 10, ¶¶ 46-47.) Plaintiff alleges Defendant San Bernardino County Superior Court discriminated against Plaintiff in regards to denying funds for DNA testing and for a police procedures expert. (Third Amended Complaint at 11, ¶ 48.)

Defendant San Bernardino County Superior Court is immune from suit. A suit against the Superior Court is a suit against the State, and thus is barred by the Eleventh Amendment. Greater Los Angeles Counsel on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). Plaintiff's claims against the San Bernardino County Superior Court

are thus barred.

Plaintiff also alleges that Defendants with deliberate indifference violated Plaintiff's First Amendment rights. (Third Amended Complaint at 10-11, ¶ 47.) Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the Government may support a §1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). See also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). The prisoner must prove all the elements of a viable retaliation claim, including the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under §1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Here, Plaintiff's claim that Defendants violated his First Amendment rights are entirely conclusory and fail to state a claim.


D. **Prosecutorial Immunity.**

Plaintiff names the San Bernardino County District Attorney's Office as a Defendant. It is well-settled that individual prosecutors

14

are absolutely immune from civil rights damages liability for activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984 (1976)(prosecutors absolutely immune for conduct during initiation or trial of criminal case), see also Fletcher v. Kalina, 93 F.3d 653, 654 (9th Cir. 1996), cert. granted, 522 U.S. 118 (1997). This immunity attaches based upon a defendant's performance of a quasi-judicial prosecutorial function, not simply by virtue of a defendant's status as a prosecutor. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993); see also Fletcher, 93 F.3d at 655. Prosecutorial immunity applies, for example, to a prosecutor's conduct in: (1) initiating and pursuing criminal proceedings, Buckley, 509 U.S. at 269; Schlegel v. Bebout, 841 F.2d 937, 942 (9th Cir. 1988); (2) performing investigative and administrative functions in connection with a pending case (e.g., evaluating evidence previously assembled by the police), Buckley, 509 U.S. at 273; Schlegel, 841 F.2d at 943; Demery v. Kupperman, 734 F.2d 1139, 1144 (9th Cir. 1984); and (3) deciding whether or not to bring charges, Hanson v. Black, 885 F.2d, 642, 646 (9th Cir. 1989).

If the conduct upon which a civil rights claim is based falls within the prosecutorial function, the scope of the defendant's immunity is absolute. Courts have afforded immunity even when the prosecutor allegedly (a) concealed, spoilated or destroyed exculpatory evidence, Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir. 1984); (b) withheld evidence favorable to Plaintiff and instructed a witness to testify evasively, Hilliard v. Williams, 540 F.2d 220 (6th Cir. 1976); (c) had Plaintiff improperly indicted, suborned perjury at trial and filed false affidavits. Bruce v. Wade,

537 F.2d 850 (5th Cir. 1976).  The prosecutor's motive or intent is irrelevant.  See McCarthy v. Mayo, 827 F.2d 1310, 1315 (9th Cir. 1987).  Moreover, alleging that a prosecutor was part of a conspiracy to violate constitutional rights does not overcome the absolute immunity for the prosecutor.  See Ashelman v. Pope, 793 F.2d 1072, 1077-79 (9th Cir. 1986)(en banc)(allegations of conspiracy between judge and prosecutors insufficient to overcome their immunities).  See also Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2nd Cir. 1995).

Plaintiff alleges that his rights have been violated by Defendant San Bernardino County District Attorney's office; however, Defendants are entitled to absolute immunity.

### E.  Plaintiff's Claims For Declaratory and Injunctive Relief Are Moot.

Plaintiff seeks declaratory and injunctive relief against Defendants for alleged unconstitutional conditions of confinement at West Valley Detention Center.  However, Plaintiff is no longer housed at this facility.  Plaintiff is currently confined at Corcoran State Prison.  Because he is no longer housed at West Valley Detention Center, Plaintiff's claims for injunctive relief are moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995)(stating that an inmate's transfer from an institution while his claims are pending will generally moot any claims for injunctive relief relating to the prison's policies).

### F.  Plaintiff Fails to State a Claim Under the Due Process Clause Based on the Deprivation of His Property.

The Due Process Clause protects prisoners from being deprived of

property without due process of law, <u>Wolff v. McDonald</u>, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property.  <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974). However, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); <u>Parratt v. Taylor</u>, 451 U.S. 527, 541-44, 101 S.Ct. 1908 (1981), <u>overruled on other grounds</u> by <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662 (1986)(a deprivation of property allegedly caused by a state employee does not constitute a valid §1983 constitutional claim if the state provides other adequate post-deprivation remedies).  The Ninth Circuit has held that California law provides an adequate post-deprivation remedy for property deprivations caused by public officials.  <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994); <u>see</u> Cal. Govt. Code §§810-997.6.  It is immaterial whether or not Plaintiff succeeds in redressing his loss through the available state remedies; it is the existence of these alternate remedies that bars him from pursuing a §1983 procedural due process claim.  <u>Willoughby v. Luster</u>, 717 F.Supp. 1439, 1443 (D. Nev. 1989).  For these reasons, Plaintiff's allegations do not support a claim under §1983 for violation of the Due Process Clause of the Fourteenth Amendment based on the loss of his personal property.

//

//

//

//

**G. Plaintiff's Fourth Cause of Action for Deliberate Indifference to Serious Medical Needs and Inadequate Medical Care Fails.**

**1. Applicable Law.**

"Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoner." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1111 (9th Cir. 1986), <u>cert. denied</u>, 481 U.S. 1069 (1987); <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 1970 (1976). "To set forth a constitutional claim under the Eighth Amendment predicated upon the failure to provide medical treatment, [f]irst, the plaintiff must show a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." <u>Conn v. City of Reno</u>, 591 F.3d 1081, 1094-95 (9th Cir. 2010), citing <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)(internal citations omitted). The second prong requires both "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett v. Penner</u>, 439 F.3d at 1096. Deliberate indifference occurs when prison officials deny, delay or intentionally interfere with medical treatment or in the way in which prison officials provide medical care. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1062 (9th Cir. 1992), <u>overruled on other grounds</u> by <u>WMX Tech., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997); <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988); <u>Hunt v. Dental Dept.</u>, 865 F.2d 198 (9th Cir.

1989).  Deliberate indifference may also be shown by a prison
official's attitude and conduct in response to a prisoner's serious
medical needs.  Helling v. McKinney, 509 U.S. 25, 32-33, 113 S.Ct.
2475 (1993); Estelle, 429 U.S. at 104-05, 97 S.Ct. at 291-02.

To state a deliberate indifference claim, a prisoner plaintiff
must allege both that the deprivation of medical care in question was
objectively serious, and that the defendant official acted with a
subjectively culpable state of mind.  Wilson v. Seiter, 501 U.S. 294,
297, 111 S. Ct. 2321 (1991).  The required showing of deliberate
indifference is satisfied when it is established that "the official
knew of and disregarded a substantial risk of serious harm to [the
prisoner's] health or safety."  Johnson v. Meltzer, 134 F.3d 1393,
1398 (9th Cir. 1998)(citing Farmer v. Brennan, 511 U.S. 825, 837, 114
S. Ct. 1970 (1994)).  Indifference may appear when prison officials
deny, delay or intentionally interfere with medical treatment, or it
may be shown by the way in which prison physicians provide medical
care.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Medical malpractice, even gross medical malpractice, does not
amount to a violation of the Eighth Amendment.  Broughton v. Cutter
Lab, 622 F.2d 458, 460 (9th Cir. 1980).  A dispute between a prisoner
and prison officials over the necessity for or extent of medical
treatment does not raise a claim under §1983.  See Sanchez v. Vild,
891 F.2d 240, 242 (9th Cir. 1989); Shields v. Kunkel, 442 F.2d 409,
410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970).

Here, Plaintiff alleges that Defendants Rod Hoops, Gary Penrod,
Cpt. McMahon, Dr. Shin Jin Liong, Dr. Rajash Patel and the West Valley
Detention Center acted with deliberate indifference towards
Plaintiff's medical needs by providing inadequate medical care and

treatment. (Third Amended Complaint at 13, ¶ 58.) Plaintiff alleges that Defendants Hoops and Penrod failed to provide an adequate initial mental health screening while Plaintiff was housed at WVDC in 2002 and 2004. Plaintiff argues that Defendants' negligence in adequate medical care can be proven by the diagnosis discovered by Defendant Dr. Kania (psychiatrist), who conspired with Defendants attorneys Grover and Porter. (Third Amended Complaint at 16, ¶ 59.)

Plaintiff alleges that Defendants WVDC and Dr. Shin Jin Liung acted with deliberate indifference and conscious disregard towards Plaintiff's serious medical needs (hypertension) and provided inadequate medical care regarding the administration by Dr. Rajesh Patel of the drug Seroquel which Plaintiff alleges caused his hypertension. (Third Amended Complaint at 18, ¶ 60.) Plaintiff alleges due to undetected hypertension he suffers from mild kidney disease. Id. Plaintiff alleges the injury is the direct result of Defendants' negligence and medical malpractice from the prolonged effects of hypertension. Id.

A defendant must purposefully ignore or fail to respond to a plaintiff's pain or serious medical needs. A plaintiff must allege that a defendant had a sufficiently culpable state of mind when he or she refused medical care. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). A defendant must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference. Farmer, 511 U.S. at 837. Thus, an inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care without more, or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment

violation. <u>See</u> <u>Estelle</u>, 429 U.S. at 105-107; <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996); <u>See also</u> <u>Roberts v. Spaulding</u>, 783 F.2d 867, 870 (9th Cir. 1986)("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution.")

Plaintiff's claims for negligence and medical malpractice fail. However, Plaintiff is granted leave to amend with respect to stating an Eighth Amendment claim regarding his hypertension and kidney disease.

**H. <u>Plaintiff Has Failed to State a Conspiracy Claim</u>.**

In Plaintiff's fifth cause of action for "denial of effective assistance of counsel - conspiracy to interfere with federal rights," Plaintiff alleges that Defendants Grover L. Porter ("Porter") and Victor Marshall ("Marshall") acted with deliberate indifference and conscious disregard of Plaintiff's constitutional rights and denied him effective assistance of counsel in Plaintiff's criminal Case No. SVA017856. Plaintiff alleges that Defendants failed to raise a challenge to the validity of his arrest by raising a claim of an illegal search and seizure in violation of the Fourth Amendment. Plaintiff also alleges that Defendants Porter and Marshall failed to disclose Plaintiff's serious mental illness and to argue "temporary insanity" as a defense to a crime. (Third Amended Complaint at 20-21, ¶¶ 63-64.)

Plaintiff alleges that Defendants Grover, Porter and Dr. Michael Kania conspired to interfere with Plaintiff's constitutional rights depriving Plaintiff of due process and of an opportunity to make a

conclusive showing that he was actually innocent of the crime. (<u>Id</u>. at ¶ 64.)

Plaintiff has alleged no facts from which the Court could infer that Defendants Porter and Marshall are "state actors" within the meaning of 42 U.S.C. §1983. A court appointed attorney representing an indigent party does not act under color of state law when performing the traditional functions of a lawyer. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325, 102 S.Ct. 445 (1981), holding limited on other grounds by <u>West v. Atkins</u>, 487 U.S. 42, 108 S.Ct. 2250 (1988).

Although Plaintiff contends there is an ongoing conspiracy to which he claims Defendants Porter and Marshall and Dr. Kania participated, his conclusory allegations of their involvement are insufficient to state a claim upon which relief may be granted. <u>See Karim-Panahi v. Los Angeles Police Dept</u>., 839 F.2d 621, 626 (9th Cir. 1988.)

Plaintiff also alleges that Defendants Philip Hinckel, City of Fontana and Elizabeth Liggins acted with deliberate indifference and conscious disregard towards Plaintiff's civil rights. Plaintiff alleges that Defendants Hinckel, Liggins and the City of Fontana conspired to falsely imprison and prosecute him. (Third Amended Complaint at 26, 28, ¶ 66.)

Plaintiff also claims that Defendants John Munoz, John Echevarria, Henry Burks, William Fletcher, Jesus Arroyo and Robin Ayers acted with deliberate indifference and conscious disregard of Plaintiff's federal constitutional rights to a fair trial. (Third Amended Complaint at 28, ¶ 67.) Plaintiff alleges that Defendants Munoz and Echevarria fabricated and falsified evidence, knowingly arrested him without probable cause, violated his Fourth Amendment

right against unreasonable searches and seizures, and conspired to give false testimony at trial. _Id_. However, these claims are barred under _Heck_.

In _Heck v. Humphrey_, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of habeas corpus. _Id_. at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. _See Id_. at 487. Here, Plaintiff's convictions have not been reversed on appeal; thus, the within claim is barred under _Heck_.

In order to state a claim for conspiracy under §1983, Plaintiff must "demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." _Crowe v. County of San Diego_, 608 F.3d 406, 440 (9th Cir. 2010)(quoting _Mendocino Environmental Center v. Mendocino County_, 192 F.3d 1283, 1301 (9th Cir. 1999), _petition for cert. filed_ (September 16, 2010); _see also_ _Hart v. Parks_, 450 F.3d 1059, 1069 (9th Cir. 2006); _Woodrum v. Woodward County_, 866 F.2d 1121, 1126 (9th Cir. 1989). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." _Crowe_, 608 F.3d at 440 (quoting _United Steel Workers of America_, 865 F.2d at 1541).

To state a claim for conspiracy Plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing Plaintiff harm and took some concerted action in furtherance thereof. <u>Gilbert v. City of Westminster</u>, 177 F.3d 839 (9th Cir. 1999); <u>Burns v. County of King</u>, 883 F.2d 819, 822 (9th Cir. 1989)(conclusory allegations of conspiracy insufficient to state a valid §1983). <u>See also Margolis v. Ryan</u>, 140 F.3d 850, 853 (9th Cir. 1998)(to state a claim for conspiracy under §1983, Plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights). A conspiracy allegation, even if established, does not give rise to liability under §1983 unless there is an actual deprivation of civil rights. Furthermore, "[w]here a complaint contains merely conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights, it must be dismissed." <u>Buckley v. Gomez</u>, 36 F.Supp.2d 1216, 1221 (S.D. Cal. 1997).

Here, Plaintiff's bare allegations that Defendants "conspired" is altogether insufficient to raise even a plausible inference that Defendants "by some concerted action, intended to accomplish some unlawful objective for the purpose of harming [Plaintiff] which results from damage." <u>Mendocino Environmental Center</u>, 192 F.3d at 1301. Accordingly, the Court finds that the allegations in the Third Amended Complaint are insufficient to state a claim for conspiracy pursuant to §1983 against any Defendant.

Further, in order to state a conspiracy claim under 42 U.S.C. §1985(3), a plaintiff must allege: (1) the existence of a conspiracy to deprive plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. <u>See</u>

24

*Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). The complaint must contain facts describing the overt acts that the defendants committed in furtherance of the conspiracy; a mere allegation of the existence of a conspiracy is insufficient to state a claim under §1985. See *Sever v. Alaska Poult. Corp.*, 978 F.2d 1529, 1532 (9th Cir. 1992). Additionally, the complaint must allege that the conspiracy was the result of a racial or class-based animus. See *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790 (1971); *Manistee Town Center v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000); *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Moreover, the absence of a showing of a deprivation of Plaintiff's constitutional rights "precludes a §1985 conspiracy claim predicated on the same allegations. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir.), cert. denied, 493 U.S. 817 (1989).

Here, Plaintiff's bare allegation of the existence of a conspiracy, even affording Plaintiff the benefit of any doubt and inferring that Plaintiff intended to allege that Defendants conspired against Plaintiff based on his race, is insufficient to support any inference (a) that a conspiracy existed between Defendants or that the Defendants' alleged actions were taken in furtherance of such conspiracy. See *Olson v. Idaho State of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004)(affirming dismissal of §1985 conspiracy where the plaintiff "failed to allege sufficiently that the appellees conspired to violate her civil rights"). Plaintiff fails to allege any facts giving rise to any plausible inference of any agreement between Defendants to violate his constitutional rights. See *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985); *Ganwich v. Knapp*, 319 F.3d 1115 (9th Cir. 2003). As such, Plaintiff has failed to state

25

a conspiracy claim against Defendants and this claim is dismissed without leave to amend.

### I. **Plaintiff's Allegations Are Insufficient to State a Federal Civil Rights Claim for Malicious Prosecution**.

In order to prevail on a §1983 claim of malicious prosecution, Plaintiff must show that Defendants prosecuted him: (1) with malice; (2) without probable cause; and (3) "for the purpose of denying [him] equal protection or another specific constitutional right." See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004)(quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995); see also Lassiter v. City of Bremerton, 556 F.3d 1049, 1054-55 (9th Cir. 2009)("[p]robable cause is an absolute defense to malicious prosecution"). Malicious prosecution claims may be brought against any person who has "wrongfully caused the charges to be filed." Awabdy, 368 F.3d at 1066, citing Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir. 2002). Plaintiff must establish a termination of the underlying proceedings "in such a manner as to indicate his innocence." Awabdy, 368 F.3d at 1068.) Plaintiff cannot state a malicious prosecution claim.

### J. **Plaintiff Has Failed to State a §1983 Claim Against Defendants Director Matthew Cate, Sheriff Rod Hoops and Sheriff Penrod**.

In order to impose liability under Section 1983, Plaintiff must allege facts showing how the named Defendants caused or personally participated in causing the harm alleged in the Complaint. A defendant cannot be held liable under 42 U.S.C. §1983 solely on the

basis of supervisory responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, n.8, 98 S.Ct. 2018 (1978).

A supervisory official may be personally liable under §1983 only is he or she was personally involved in the constitutional deprivation, or if there was sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  See Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1992)(en banc); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Supervisors can be held liable for: (1) their own culpable action or inaction in the training, supervision, or control of subordinates; (2) their acquiescence in the constitutional deprivation of which a complaint is made; or (3) for conduct that showed a reckless or callous indifference to the rights of others.  Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).

Here, Plaintiff has failed to allege facts demonstrating that Defendant Cate caused any constitutional violation.  Plaintiff has failed to allege facts demonstrating that Defendant Cate proximately caused or was personally connected to the violations alleged.  As such, Defendant Cate should be dismissed from this action with prejudice.

//

//

//

//

//

**K.** **Plaintiff's Allegations Are Insufficient to State a Federal Civil Rights Claim Against Defendants City of Fontana, City of San Bernardino or the San Bernardino County Sheriff's Department**.

The Supreme Court has held that a local governmental entity such as the City of Fontana, County of San Bernardino and the San Bernardino County Sheriff's Department "may not be sued under §1983 for an alleged injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978).

Thus, the entity Defendants may not be held liable for the alleged actions of the officer Defendants unless "the action that is alleged to be unconstitutional implements or executed the policy statement, ordinance, regulation or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivations visited pursuant to a governmental 'custom' even though such a custom had not received formal approval through the body's official decisionmaking channels." <u>Monell</u>, 436 U.S. at 690-91.

Here, Plaintiff has failed to identify any policy statements of the entity Defendants or any City of San Bernardino Sheriff's Department regulation or officially adopted or promulgated decisions, the execution of which by the officer Defendants allegedly inflicted the injuries about which he is complaining. Plaintiff's claims against Defendants City of Fontana, County of San Bernardino and the

San Bernardino County Sheriff's Department are dismissed.

### CONCLUSION AND ORDER

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Third Amended Complaint to attempt to overcome the defects discussed above. Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Third Amended Complaint is dismissed with leave to amend; (2) the Court Clerk is directed to send Plaintiff a civil rights form utilized by the Central District of California; and (3) Plaintiff is granted 30 days from the date of this Order within which to file a "Fourth Amended Complaint." The Fourth Amended Complaint must be complete within itself and shall not incorporate by reference any portion of the original, First, Second or Third Amended Complaints. Plaintiff may not add new parties without leave of the Court. Failure to comply with the requirements set forth in this Order may result in a recommendation that this action be dismissed with prejudice.

DATED: July 22, 2011

_____/s/_____

VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE